■ In the Matter of EDWARD STEDRONSKY, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which, inter alia, revoked petitioner's teaching certificates in New York.

Petitioner, a State-licensed and certified school teacher, was employed by the West Babylon Union Free School District in Suffolk County until he resigned on April 20, 1988. Petition-

er's resignation preceded the release by respondent Commissioner of Education on June 10, 1988 of a notice of substantial question as to moral character pursuant to 8 NYCRR part 83, alleging that petitioner "has admitted that while employed as a teacher, he engaged in inappropriate conduct with male students, to wit, sexual contact and other behaviors in an attempt to obtain sexual gratification". The notice was based upon petitioner's admissions to a private investigator, retained by the School District, that he had engaged in such acts. In the course of the investigation, the investigator falsely advised petitioner that there was incriminating evidence of his sexual misconduct with his students and that if he failed to admit that he engaged in such conduct or if he sought counsel, the School District would pursue a criminal conviction rather than merely seek his resignation. Faced with this choice, petitioner made nonspecific admissions of sexual misconduct with his male students and resigned his position as a teacher.

Thereafter, petitioner received the previously mentioned notice of substantial question as to moral character alleging that he engaged in inappropriate conduct with his male students. Petitioner requested a hearing to challenge the charges and moved to suppress his admissions made at the investigative interview. A Hearing Officer denied petitioner's suppression motion and, after a full hearing on the charges, the Hearing Panel found that petitioner engaged in inappropriate conduct with male students, lacked adequate moral character and recommended that petitioner's teaching certificates be revoked, with an opportunity for reapplication in three years after appropriate therapy. Following administrative appeal, the Commissioner upheld the findings and adopted the Hearing Panel's recommendation. Petitioner commenced this CPLR article 78 proceeding to annul the determination. After respondents answered, the proceeding was transferred to this court pursuant to CPLR 7804 (g).*

While a careful reading of the record of the three-hour interview of petitioner by the private investigator clearly evidences that the admissions of sexual misconduct were made only after the investigator falsely advised petitioner that he

---

* Transfer was improper because the appropriate standard of review in this proceeding is not whether the determination is supported by substantial evidence but whether it is arbitrary and capricious or based on an error of law or abuse of discretion (see, Matter of Cargill v Sobol, 165 AD2d 131). However, we choose to retain and resolve the issues in the interest of judicial economy (see, Matter of Puterio v Regan, 161 AD2d 1109, 1110, n).

had evidence of petitioner's sexual misconduct, and that the School District would initiate criminal proceedings if he sought the aid of counsel, we are nevertheless constrained to confirm the administrative determination. A violation of a constitutional right may have different consequences depending on whether the evidence obtained in violation of that right is threatened to be used in criminal or noncriminal proceedings *(see, People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145, 146). Furthermore, the applicability of the exclusionary rule in an administrative proceeding turns on whether, "accepting the obvious detrimental impact upon the truth-finding process which the exclusionary rule often produces, its accompanying deterrent effect is sufficiently probable to justify its application" *(Matter of Mancini v Codd,* 46 NY2d 12, 31, *cert denied sub nom. McGrath v New York,* 440 US 972). Here, the Commissioner had to weigh the severity of the potential sanctions that could result from the proceeding and the alleged rights sought to be protected against the State's interest in the matter *(see, Matter of Diane P.,* 110 AD2d 354, *appeal dismissed* 67 NY2d 918). Because the purpose of the proceeding and the use of the allegedly inadmissable statements in this case is not to punish petitioner but to protect the welfare of children entrusted to respondents' care, we find that the Commissioner properly found that petitioner's admissions that he had engaged in inappropriate sexual conduct with male students were admissible at the administrative hearing *(see, supra).*

Finally, given petitioner's admissions of improper sexual contact with students under his supervision, we conclude that the Commissioner's determination, including the imposed sanctions, is rationally supported by the evidence and should be confirmed.

Casey, Weiss, Mikoll and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.