■ In the Matter of George A. Groht, Appellant, v Thomas A. Sobol, as Commissioner of Education of the State of New York, Respondent. [604 NYS2d 279] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Canfield, J.), entered February 25, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent, *inter alia,* revoking petitioner's teaching certificate in New York, and (2) from an order of said court, entered August 7,

1992 in Albany County, which denied petitioner's motion for reconsideration.

In November 1987, in response to a student's allegations, Lakeland Central School District (hereinafter the District) in Westchester County preferred charges against petitioner. Shortly thereafter, petitioner reached an agreement with the District whereby the charges were withdrawn with prejudice, in exchange for petitioner's irrevocable resignation of his tenured position.

The Department of Education (hereinafter the Department), informed of the charges that had been filed with the District, and after investigation, served petitioner with a notice of substantial question as to moral character. A hearing was held, at which a former student testified that petitioner had, on one occasion, served her alcoholic beverages and engaged in sexual intercourse with her, and that he had sent her romantic correspondence over a period of time. Petitioner denied the allegation of sexual contact but admitted having given the student part of a wine cooler. The romantic cards and letters, he asserted, were sent in an attempt to dissuade the student from becoming involved in a lesbian relationship, and represented no more than his concern for her well-being. Finally, petitioner testified that he was impotent, but presented no medical evidence to support that claim. The Hearing Officer found all of the charges to have been proven and recommended that petitioner's certificate to teach in New York be revoked.

Petitioner appealed to respondent who, after finding that petitioner's due process rights had not been violated and that there was no reason to reopen the hearing to permit the introduction of physicians' records allegedly substantiating petitioner's impotency claim, issued an order revoking petitioner's certificate to teach chemistry and general science, and refused to grant his pending application for a certificate to teach another subject.

The instant CPLR article 78 proceeding was brought to challenge respondent's determination. Supreme Court found, *inter alia,* that inasmuch as petitioner had not shown that he could not have presented the medical records at the original hearing, respondent's decision not to reopen the hearing was proper. Petitioner appeals both the judgment dismissing the petition and also a later order denying his motion for renewal or reargument.

Initially, we find that the latter motion, denominated a

request for "reconsideration", was properly denied. To the extent that it requested an opportunity to explain to Supreme Court how the medical records demonstrated that sexual intercourse was impossible, it was a motion for reargument, from which no appeal lies (see, McKelvey v White, 184 AD2d 834, 835). And insofar as the motion could be characterized as one for renewal, in that it actually sought to introduce further evidence in support of this argument, including affidavits, scientific papers and educational literature on impotence, Supreme Court correctly found that there was no reason why this evidence could not have been submitted previously (see, Matter of Barnes v State of New York, 159 AD2d 753, lv dismissed 76 NY2d 935).

Nor are we persuaded by petitioner's contentions that the judgment dismissing the petition should be reversed because the administrative hearing was unfair and that respondent's decisions were arbitrary and capricious. The unfairness argument has its provenance in several evidentiary objections made by respondent's counsel, which petitioner asserts were improperly sustained; in most of these instances, however, petitioner's counsel simply withdrew the propounded question, despite the fact that the objection was actually overruled. On the few occasions when objections were in fact sustained, the testimony sought to be elicited would have been redundant, similar questions having been asked and answered by the witness. In sum, our examination of the record leads us to conclude that petitioner's right to cross-examine respondent's witnesses was not so circumscribed as to violate petitioner's entitlement to a fair hearing (see, Matter of Di Rienz v Constantine, 151 AD2d 953, 955).

Equally unconvincing is petitioner's claim that a psychiatric report was improperly admitted into evidence. The Hearing Officer, having previously explained that he would only consider the report if the facts on which it was based—that petitioner had asked the student more than once to engage in sexual relations—were established on the record. Because the factual premise underlying the psychiatrist's report was not substantiated and the Hearing Officer made it abundantly clear in his written decision that he did not consider the report in arriving at his decision, any impropriety associated with its conditional admission was rendered harmless. Similarly, the testimony of the complainant's girlfriend, which arguably included an opinion on a subject beyond her ken, namely, whether petitioner and the complaining student had a "romantic relationship", could not have had a consequential

effect on the Hearing Officer's findings or recommendation for it was merely confirmatory of a fact which was undeniable, given the nature of the correspondence which petitioner admitted sending. On this record, it cannot be said that respondent's endorsement of the Hearing Officer's evidentiary rulings was injudicious.

Also lacking foundation is petitioner's claim that he was denied effective assistance of counsel due to his attorney's purported "meekness", as illustrated by the withdrawal of questions previously noted, and her failure to request a continuance to obtain his medical records. Even if a petitioner in an administrative hearing such as this one was entitled to effective assistance of counsel as that term is defined in criminal jurisprudence *(but see, Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876), we find the representation afforded petitioner here to have been more than adequate to meet that standard.

As for respondent's substantive determination to revoke petitioner's teaching certificates, because he lacked adequate moral character to teach in New York public schools, that decision was properly upheld by Supreme Court for it has a rational basis in petitioner's admissions, the correspondence itself, which was plainly inappropriate, and the student's testimony, which the Hearing Officer found credible *(see, Matter of Riley v Schles,* 185 AD2d 437; *Matter of Stedronsky v Sobol,* 175 AD2d 373, 375, *lv denied* 78 NY2d 864).

The only other argument advanced by petitioner which merits discussion is a claim that respondent's refusal to reopen the hearing was error as a matter of law. Respondent clearly enunciated the reason for the denial of petitioner's request, namely, that petitioner had not furnished a valid excuse for his failure to present the medical evidence confirming his representation made at the original hearing that he was impotent. It suffices to note that the record supports this finding, as no showing was made that the medical records were unavailable to petitioner at that time *(see, Matter of Morrissey v Sobol,* 176 AD2d 1147, 1150, *lv denied* 79 NY2d 754; *Matter of Gagliardi v Department of Motor Vehicles,* 144 AD2d 882, 883, *lv denied* 74 NY2d 606; *Matter of McNamara v New Process Gear Div.,* 43 AD2d 603). Given petitioner's failure to make such a showing, respondent's denial of petitioner's request cannot be said to have been an abuse of discretion.

Weiss, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment and order are affirmed, without costs.