■ In the Matter of ROBERT S. WELCHER, Petitioner, v THOMAS SOBOL, as New York State Commissioner of Education, Respondent. [642 NYS2d 370] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's elementary school teacher and school administration certifications.

The subject determination of respondent concerning peti-

tioner was recently before us (*see, Welcher v Sobol,* 222 AD2d 1001). Therein, we reviewed an order of Supreme Court which, *inter alia,* denied petitioner's motion for a preliminary injunction. The facts, as relevant herein, are fully set forth in our prior decision.

In this proceeding, transferred to this Court by an order of Supreme Court, petitioner alleges, *inter alia,* that respondent lacked jurisdiction to revoke his certification based upon moral character, that respondent erred in his review of the Hearing Panel's determination, that the charges of sexual abuse were uncorroborated, that the evidence of guilt is incredible as a matter of law, that the determination below was not supported by substantial evidence and that the penalty of revocation was excessive.

Addressing first the jurisdictional challenge, we note that contrary to petitioner's contention, the District Superintendent of Schools is not solely authorized to revoke a teaching certificate on the ground of moral character (*see, Matter of Groht v Sobol,* 198 AD2d 679, *lv dismissed, lv denied* 83 NY2d 961). "By our state system of education protected by the Constitution [respondent] is made the practical administrative head of the system, and in the exercise of sound wisdom * * * [is] the final authority in passing on many questions bound to arise in the administration of the school system" (*People ex rel. Board of Educ. v Finley,* 211 NY 51, 57; *see, Matter of Malverne Union Free School Dist. v Sobol,* 181 AD2d 371, 375-376). Hence, pursuant to the Education Law, respondent is empowered to annul any certificate of qualification "upon cause shown to his satisfaction" (Education Law § 305 [7]).

Similarly without merit is petitioner's challenge to respondent's determination based upon his contention that respondent failed to personally decide the administrative appeal. As the Court of Appeals has held, " '[w]e do not inquire into the degree of reliance placed by members of [the administrative agency] upon * * * internal assistance; the extent to which independent study * * * is necessary to the required exercise of informed judgment must be left to the wisdom and practical good sense of the commissioners themselves' " (*Matter of Wallace v Murphy,* 21 NY2d 433, 438, quoting *Matter of Weekes v O'Connell,* 304 NY 259, 265). Upon our review, we find that the determination reflects a comprehensive and independent appraisal of the record. We find no error in respondent's incorporation of the Hearing Panel's findings by reference since such adoption provided a basis for comprehensive appellate review. Rejecting petitioner's contention that due to the

gravity of the charges and potential consequences of the hearing we should decline to follow our prior decision in *Matter of Northeastern Stud Welding Corp. v Webster* (211 AD2d 889, 890), we turn next to petitioner's challenge to the standard of review utilized.

Petitioner contends that both the Hearing Panel and respondent should have focused on petitioner's present ability to teach when determining his moral fitness as opposed to focusing on conduct occurring in decades past. With the Hearing Panel finding that petitioner did, in fact, commit several acts of sexual misconduct upon children, albeit years ago, and that petitioner had further denied such behavior, we find that there was full compliance with the guidelines of 8 NYCRR part 83. Accordingly, pursuant to 8 NYCRR 83.4 (f), it was properly recommended that petitioner's teaching and administrative certificates be revoked on the ground of moral fitness.

We similarly find no merit in petitioner's contentions concerning the quantum and weight of the evidence as well as the circumstances under which he was required to testify, all falling under the ambit of substantial evidence. As stated by the Court of Appeals, "a determination is regarded as being supported by substantial evidence when the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273). Here, after a full evidentiary hearing, the Hearing Panel chose to credit the testimony of the victims and reject that of petitioner. "In our view, those credibility determinations are unassailable and the testimony thus credited provided substantial evidence for the determinations under review" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443). Since the victims' testimony need not be corroborated (*supra*, at 444) and since the probative value to be given to polygraph results lies solely within the discretion of the administrative tribunal (*see, Matter of Donnelly v Carmel Cent. School Dist.*, 109 AD2d 796), we find no basis to disturb the determination rendered. Even acknowledging the extensive evidence proffered by petitioner, we cannot conclude that the evidence presented in support of the charges was incredible as a matter of law. Our review of the record does not lead us to conclude that the testimony is manifestly untrue, physically impossible, contrary to experience or self-contradictory (*see, Loughlin v City of New York*, 186 AD2d 176, 177, *lv. denied* 81 NY2d 704; *People v Garafolo*, 44 AD2d 86, 88).

Finally, as to the imposition of the penalty of revocation, we

do not find it to be excessive (*see, Matter of Adler v Bureau of Professional Med. Conduct,* 211 AD2d 990, 993; *Matter of Groht v Sobol,* 198 AD2d 679, 682, *supra; Matter of Stedronsky v Sobol,* 175 AD2d 373, 375, *lv denied* 78 NY2d 864).

After fully considering and rejecting petitioner's remaining contentions, we confirm respondent's determination.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.