JONATHAN M. LANDSMAN, Appellant, v STATE OF NEW YORK, Respondent. [671 NYS2d 868] —Peters, J. Appeals (1) from a judgment of the Court of Claims (Hanifin, J.), entered February 24, 1997, which, *inter alia*, dismissed the claim, and (2) from an order of said court, entered May 9, 1997, which denied claimant's motion for reargument.

In July 1990, claimant purchased a parcel of real property

abutting Lower Hale Eddy Road in the Town of Deposit, Delaware County. Formerly State Route 17, Lower Hale Eddy Road was a dead-end road, approximately one quarter of a mile in length. Claimant's parcel, located north of Lower Hale Eddy Road, was a portion of a parcel previously known as the Greenman Farm which consisted of approximately 80 acres to the north of Lower Hale Eddy Road and south of a railroad right-of-way. In 1896, such farm was partitioned, with Orville Greenman taking the westerly portion and Albert Greenman taking the easterly portion, which included a wagon track thereon. Albert then conveyed to Orville the right to use the wagon track and further reserved a right-of-way from the highway to the railroad crossing.

In 1952, the State appropriated a portion of the Greenman Farm to construct a new State Route 17 to the south of Lower Hale Eddy Road and to the north of the railroad right-of-way. Appropriation maps were served on Michael Delaney, Fred Owen and Alice Greenman Owen, as reputed owners of the parcels to be appropriated. Such maps indicated that the appropriation was "in fee without access", reserving the right to the current owners, their successors and assigns and others "as their interest may appear of record" to use an "access driveway" which corresponded to the wagon track easement.

Up until 1977, Route 17 was accessed from Lower Hale Eddy Road by a median crossing located to the east of claimant's parcel. This median corresponded to the "access driveway" which was referred to in the 1952 appropriation. In 1977, however, the State constructed a new connection between Lower Hale Eddy Road and Route 17 at a median crossing further to the east from the prior opening. At that time, it graded and seeded the former median crossing. In June 1994, the State constructed a fence blocking the median crossing closest to claimant's property and in August 1994 erected a guardrail at that location.

These last acts prompted claimant to commence this proceeding in 1995, alleging, *inter alia*, a wrongful taking of his property without just compensation in violation of both the State and Federal Constitutions. The State moved pursuant to CPLR 3211 (a) (7) to dismiss the claim; claimant cross-moved for summary judgment. After advising the parties that it was treating the State's motion to dismiss as a motion for summary judgment, the Court of Claims granted such motion, concluding that the State legally closed the access driveway in 1977 and that the subsequent change in highway access to claimant's property was not compensable as a matter of law. A judgment

so reflecting that finding and the denial of claimant's cross motion was thereafter entered from which claimant appeals. Claimant further appeals the denial of his motion to reargue which was based upon a newly proffered claim alleging a denial of equal protection.

Preliminarily, we note that claimant's motion to reargue was based upon the intervening Court of Appeals decision in *Brown v State of New York* (89 NY2d 172) which found that the Court of Claims has jurisdiction to entertain constitutional tort claims. As the motion was based not upon new facts but upon a change in the law, it was properly designated as a motion for reargument (*see, Matter of Huie [Furman]*, 20 NY2d 568; *Foley v Roche*, 68 AD2d 558, 86 AD2d 887, *lv denied* 56 NY2d 507) which is not appealable (*see, Matter of Groht v Sobol*, 198 AD2d 679, *lv dismissed, lv denied* 83 NY2d 961).

As to the award of summary judgment, the record reflects that in 1952 the State appropriated a portion of the Greenman Farm to the south of Lower Hale Eddy Road and to the north of the railroad easement for the purpose of improving Route 17. In this appropriation, the State reserved to property owners and others "as their interest may appear of record" an easement "to maintain a driveway over and across the above described parcel within the area shown on the map as an access driveway".

After the appropriation, the parcel which ultimately became claimant's, lying north of Lower Hale Eddy Road, and the parcel to the south of Lower Hale Eddy Road and to the north of the railroad right-of-way, containing the access driveway, were owned as one parcel by Patricia Delaney. Thereafter, Delaney conveyed a portion of the larger parcel, that containing the access driveway, to William Edwards and Patricia Edwards. Although their deed did not specifically refer to an access driveway, it did refer to the appropriation map for a description of the property. That separate parcel is now owned by John Lee and Margarite Lee. Delaney conveyed the parcel now owned by claimant to Douglas Lobdell and Edith Lobdell in August 1959 by deed which did not refer to any easement or access driveway. The Lobdells thereafter conveyed their parcel in 1971 to Helmut Eschbaumer, claimant's immediate predecessor in title, by deed which, again, made no reference to the access driveway. After conveying these premises to himself and his wife, Erika, as tenants by the entirety, Erika conveyed the parcel, after Eschbaumer's death, to claimant in July 1990 by deed which contained no reference to an access driveway.

Hence, since the parcel affected by the 1952 appropriation

was later separated into claimant's parcel and that parcel which encompassed the access driveway, and since there never was a reference to such driveway in claimant's deed or the deeds of his predecessors, there exists no basis to support his claim to an easement over the access driveway which he claims was improperly interfered with by the State.

We further find no error in the Court of Claims' resolution of the issue of whether the State provided adequate access from claimant's property to the highway once it permanently barred the closest access. The State would be liable for consequential damages for the loss of highway access only if such access is so impaired "that it can no longer sustain its previous highest and best use" (*La Briola v State of New York*, 36 NY2d 328, 332; *see, Priestly v State of New York*, 23 NY2d 152). In such circumstances, the landowner bears the burden of demonstrating that the altered highway access is not suitable (*see, Beh v State of New York*, 56 NY2d 576). With the parcel here used for residential purposes and the State providing suitable highway access to claimant's property, we find the unsupported allegation that the highest and best use of such property was for commercial purposes "such as a Wal-Mart store" not to be sufficient to defeat the motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557).

We hereby affirm the judgment and dismiss the appeal from the order denying reargument.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from the order is dismissed, without costs.