■ In the Matter of GARRY FORTE, Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [672 NYS2d 497] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which found petitioner guilty of misconduct and terminated his employment.

Petitioner, a tenured physical education teacher in the Manhasset Union Free School District (hereinafter the District) in Nassau County, was charged with conduct unbecoming a teacher and insubordination. These charges were predicated on, *inter alia*, numerous instances in which petitioner, after being repeatedly warned against engaging in any physical contact with students, was alleged to have nudged or poked fourth and fifth grade female students in the back and/or snapped their bra straps during physical education class.

A disciplinary proceeding was held pursuant to Education Law § 3020-a (3) before a Hearing Panel. Extensive testimony was proffered, resulting in a lengthy opinion wherein, after fully reviewing all the evidence, petitioner was found guilty of conduct unbecoming a teacher and insubordination. The opinion thereafter recommended his dismissal. Petitioner unsuccessfully appealed this determination to respondent Commissioner of Education who refused to substitute his judgment for that of the Hearing Panel absent clear and convincing evidence that such determination was inconsistent with the facts. He further agreed with the Hearing Panel's reasoning supporting petitioner's dismissal, thus prompting this CPLR article 78 proceeding.[1]

Upon finding that a question of substantial evidence was presented, Supreme Court transferred this proceeding pursuant to CPLR 7804 (g). With a review limited to whether the underlying determination was arbitrary or capricious, affected by an error of law or lacking a rational basis[2] (*Matter of Board of Educ. v Commissioner of Educ.*, 91 NY2d 133; *Matter of Stedronsky v Sobol*, 175 AD2d 373, 374, n, *lv denied* 78 NY2d 864), we decline to disturb the determination rendered. Testimony of the principal at petitioner's school, Richard Koebele, revealed that prior to the charged conduct, petitioner was warned by him on four separate occasions not to touch students. A written warning, dated June 8, 1989, specified that he was "to refrain from touching any child in the school for any reason. As you know, there have been complaints that you have touched children inappropriately." Although petitioner denied receipt of such document and testified that he was not aware of its contents until the rendering of charges, petitioner admitted that Koebele orally cautioned him against touching students and that subsequent thereto he continued to do so as part of his motivational and instructional technique. Considering both Koebele's testimony and petitioner's admissions, we find no basis upon which to overrule the Commissioner's determination of insubordination (*see, id.*).

As to the finding of conduct unbecoming a teacher grounded upon petitioner's admitted "habit" of touching students, we acknowledge that there exists abundant testimony in the record from, *inter alia*, the student teacher who worked with petitioner as well as from the teachers who co-taught his classes that

---

1. The proceeding was transferred by stipulation to Albany County after having been commenced in Nassau County.

2. We have nonetheless chosen to retain and resolve these issues in the interest of judicial economy.

while he did nudge students as a motivational technique, the duties of a physical education teacher required some physical contact. However, the Commissioner properly noted an absence of clear and convincing evidence to indicate that the determinations regarding credibility were inconsistent with the facts. As such, we find the Commissioner's refusal to substitute his judgment for that of the Hearing Panel wholly justified (see, Matter of Newman v Sobol, 232 AD2d 828). The testimony of students describing the incidents whereby petitioner either snapped their bra straps during gym class or "poked" them in their back in the vicinity of their bra provided a reasonable basis for the determination rendered when coupled with petitioner's prior knowledge that such "motivational techniques" made his female students, entering the early stages of puberty, markedly uncomfortable. Unavailing is petitioner's contention that these incidents were a result of a preconceived plan manufactured by a small clique of girls who disliked him.

Concerning the penalty imposed, dismissal is appropriate where a teacher, having been repeatedly warned against physical contact with students, fails to avoid such contact which, regardless of its purpose, may be interpreted by those students as sexually suggestive or harassing. With petitioner wholly disregarding the progressive discipline imposed in the past, we fail to find the penalty here "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ., 34 NY2d 222, 237).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.