■ In the Matter of Stephen A. Moro, Petitioner, v Richard P. Mills, as Commissioner of Education of the State of New York, Respondent. [896 NYS2d 493]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's teaching certificate.

Petitioner held permanent New York State certification as a music teacher for grades 7 through 12. In February 2005, the superintendent of the district where he was employed on a probationary basis as a teacher of band and marching band advised the Department of Education that petitioner had been arrested and charged with endangering the welfare of a child.* The Department conducted an investigation and determined that, in December 2004, petitioner had allegedly committed an act of sexual misconduct in the presence of a 14-year-old student to whom he was giving a music lesson. Respondent issued a notice of substantial question of moral character and designated a Hearing Officer, who recommended the revocation of petitioner's teaching certificate following a hearing. Upon appeal, respondent affirmed the recommendation and revoked the certificate. Petitioner commenced this CPLR article 78 proceeding challenging the determination, and Supreme Court transferred the proceeding to this Court.

Petitioner's threshold argument that respondent lacked juris-

* Petitioner was acquitted of this charge following trial.

diction to determine the appeal on the ground that he was also the party who commenced the initial administrative proceedings is unpreserved, as it was not raised at the administrative level; thus we may not address it (see *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d 947, 951 [2007]).

As to petitioner's substantive claim, we find that the challenged determination is supported by substantial evidence, that is, proof " 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*Matter of Welcher v Sobol*, 227 AD2d 770, 772 [1996], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]). In making this evaluation, we " 'may not weigh the evidence and substitute [our] own judgment even in light of conflicting testimony' " (*Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d 823, 824 [2005], quoting *Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, 798 [1998], *lv denied* 92 NY2d 810 [1998]). The Hearing Officer's determination was based on the testimony of the student, who gave a detailed description of the incident at issue, as well as that of the district superintendent, several other teachers, the investigating police officer, and petitioner, among others. The Hearing Officer concluded that the student's testimony was credible, finding that her testimony was supported by the evidence and by other witnesses, and that petitioner's conflicting testimony was inconsistent and controverted by the other testimony. This determination was fully within the Hearing Officer's exclusive province (see *Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d at 824; *Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 786 [2000]). Though the student was the sole eyewitness to the underlying incident, no corroboration was required for her testimony (see *Matter of Welcher v Sobol*, 227 AD2d at 772).

Petitioner's challenges to the Hearing Officer's evidentiary rulings lack merit. The investigating police officer was properly permitted to testify regarding certain statements made by petitioner that were ruled inadmissible at his criminal trial. The exclusionary rule is applied in administrative proceedings by balancing the deterrent effect of exclusion against its detrimental impact on the process of determining the truth. Relevant evidence is not excluded when little or no deterrent benefit will result (see *Matter of Boyd v Constantine*, 81 NY2d 189, 195 [1993]; *Matter of Stedronsky v Sobol*, 175 AD2d 373,

375 [1991], *lv denied* 78 NY2d 864 [1991]). The testimony in question was clearly relevant to the determination of petitioner's moral fitness to teach school children, and petitioner identified no deterrent benefit likely to result from its exclusion (*see generally Matter of Stedronsky v Sobol*, 175 AD2d at 374-375). Petitioner's further evidentiary objections, to the extent that they were preserved for our review, are unavailing. The Hearing Officer was not required to follow traditional rules of evidence (*see* Education Law § 3020-a [3] [c]; *Matter of Soucy v Board of Educ. of N. Colonie Cent. School Dist.*, 51 AD2d 628, 629 [1976]), and no violation of the "fundamentals of a fair hearing" was shown (*Matter of Rudner v Board of Regents of N.Y. State Dept. of Educ.*, 105 AD2d 555, 556 [1984]).

Petitioner did not establish bias based upon the adverse evidentiary rulings and unfavorable ultimate determination. The mere allegation of bias is not enough to disturb an administrative determination (*see Matter of Chatelain v New York State Dept. of Health*, 48 AD3d 943, 944-945 [2008]). Nothing in the record constitutes the requisite "factual demonstration supporting a claim of bias or that the ultimate determination resulted from that bias" (*Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 686 [2002]).

Finally, we do not find that the penalty imposed was inappropriate. Revocation of petitioner's teaching certificate is not shocking, excessive, or incommensurate with his offense of inappropriate sexual conduct in the presence of a young female student whom he was engaged in teaching (*see Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d at 824-825; *Matter of Stedronsky v Sobol*, 175 AD2d at 375; *contrast Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 284-285 [1978]).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.