■ In the Matter of RANDY MUDGE, Petitioner, v CAROLE F. HUXLEY, as Interim Commissioner of Education of the State of New York, Respondent. [914 NYS2d 339]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which suspended petitioner's teaching and school administrator certifications for one year.

Petitioner, who was certified as a teacher and school administrator, requested a hearing in response to a notice from respondent that a substantial question existed as to his moral character. When the hearing panel determined that petitioner lacked the good moral character necessary to be a teacher in this state and recommended suspension of his certificates for one year, petitioner appealed to respondent, who modified the findings of the panel but affirmed the recommended penalty. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination, and Supreme Court transferred it to this Court pursuant to CPLR 7804 (g).

Our review of a determination rendered by respondent in this context is limited to whether it is arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion

(*see Matter of Pearlman v Mills*, 24 AD3d 837, 837-838 [2005]; *Matter of Donlon v Mills*, 260 AD2d 971, 972 [1999], *lv denied* 94 NY2d 752 [1999]; *Matter of Groht v Sobol*, 198 AD2d 679, 681-682 [1993], *lv dismissed and denied* 83 NY2d 961 [1994]; *Matter of Cargill v Sobol*, 165 AD2d 131, 133 [1991], *lv denied* 78 NY2d 854 [1991]; *but see Matter of Moro v Mills*, 70 AD3d 1269, 1270 [2010]; *Matter of Welcher v Sobol*, 227 AD2d 770, 772 [1996]). Although transfer was improper because the appropriate standard of review is not whether the determination is supported by substantial evidence, we will nevertheless retain the proceeding and resolve the issues in the interest of judicial economy (*see Matter of Stedronsky v Sobol*, 175 AD2d 373, 374 n [1991], *lv denied* 78 NY2d 864 [1991]).

Here, petitioner admitted that, in July 1989, when he was 28 years old and a high school physical education teacher, coach and athletic director, he had sexual intercourse with an 18-year-old former student in his vehicle after taking her to a New York Mets baseball game shortly after graduation. He also admitted that, in July 1992, then 31 years old and still employed in the same capacity, he had sexual intercourse with another 18-year-old former student in his vehicle after taking her to a Mets game shortly after graduation. Petitioner taught both girls during high school, coached them as members of the high school girls' soccer team, coached high school boys' teams for which both girls served as statisticians and, prior to graduation in the spring of these girls' respective senior years, attended Mets games with each of them. Based upon this pattern of behavior in affording the girls preferential treatment while they were students, including the pre-graduation trips to Mets games, respondent concluded that petitioner had groomed them for a sexual relationship while they were students and then, shortly after they graduated, exploited the relationships that he had cultivated.

Petitioner's primary contention is that respondent's conclusion regarding grooming of the students prior to graduation is irrational. He argues that he did not invite the students to the pre-graduation Mets games, each of the various factors considered by respondent is innocent by itself, and his character is unassailable. We cannot agree. Given the evidence of petitioner's pattern of behavior with both girls, respondent's determination that petitioner was engaged in grooming and that he lacks the requisite moral character to be a teacher in this state is supported by a rational basis (*see Matter of Groht v Sobol*, 198 AD2d at 681-682; *Matter of Stedronsky v Sobol*, 175 AD2d at 374-375). To the extent that petitioner disputes the findings

that he invited the girls to the games, we find no reason to disturb respondent's resolution of conflicts in the testimony (*see Matter of Land v Commissioner of Educ. of State of N.Y.,* 174 AD2d 927, 929 [1991]). Further, petitioner's claim that his character is unassailable fails in light of the hearing testimony impugning his reputation for integrity.

We have considered petitioner's remaining contentions concerning the rulings of the Hearing Officer and the penalty imposed, and we find them to be similarly without merit.

Mercure, J.P., Peters, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.