■ In the Matter of the Arbitration between Bernard Watt, Appellant, and East Greenbush Central School District, Respondent. [925 NYS2d 681]—

McCarthy, J. Appeal from an order of the Supreme Court (Nichols, J.), entered July 16, 2010 in Columbia County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner was a tenured physical education teacher employed by respondent. As a result of two incidents, respondent filed charges against petitioner pursuant to Education Law § 3020-a. A Hearing Officer found petitioner guilty of two charges and

recommended termination of his employment. After respondent implemented that recommendation, petitioner commenced this proceeding seeking to vacate the arbitration award. Supreme Court denied that application and confirmed the award (*see* CPLR 7511 [e]). Petitioner appeals.

Courts must review a Hearing Officer's determination pursuant to CPLR 7511 (*see* Education Law § 3020-a [5]), which permits vacatur of an award on grounds of misconduct, abuse of power or procedural defects (*see* CPLR 7511 [b] [1]). "[W]here, as here, the parties are forced to engage in compulsory arbitration," as opposed to voluntary arbitration, courts must ensure that the award comports with due process and is supported by adequate evidence (*Matter of Bernstein [Norwich City School Dist. Bd. of Educ.]*, 282 AD2d 70, 73 [2001], *lv dismissed* 96 NY2d 937 [2001]; *see Matter of Carroll [Pirkle]*, 296 AD2d 755, 756 [2002], *lv dismissed* 98 NY2d 764 [2002]). When conducting our review, we must accept the Hearing Officer's credibility determinations (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 568 [2008]).

Supreme Court correctly upheld the Hearing Officer's finding that petitioner was guilty of inappropriate sexual conduct. A female student testified that during a basketball drill in petitioner's class, he bumped into her. Petitioner then said to her three times, "I'm going to get you" while moving his hands toward her in a grabbing gesture, twice touching her breasts. The Hearing Officer found this witness credible, noting that her testimony was consistent with her prior written statements. Several other student witnesses attested to all or part of this incident; the Hearing Officer found them all credible, outweighing petitioner's denial of the incident. Petitioner argues that the Hearing Officer found his touching of the female student's breasts unintentional, rendering irrational the determination of sexual misconduct. The Hearing Officer did not explicitly find petitioner's touching of the breasts either intentional or unintentional. Instead, the Hearing Officer found that even if petitioner did not intend to touch her breasts, his conduct in making grabbing gestures toward her chest, along with his comments at the time, were intentional, inappropriate and sexual in nature, and that this conduct led to and was exacerbated by his contact with her breasts. Finding petitioner guilty of a charge of conduct unbecoming a teacher based upon this conclusion is rational, and is consistent with the state's public policy to protect minors from harmful sexualized conduct by teachers (*see Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d 1074, 1076 [2006], *appeal dismissed* 8 NY3d 840 [2007]).

Supreme Court also correctly upheld the Hearing Officer's finding that petitioner was guilty of making inappropriate remarks regarding a student's ethnicity. A male student testified that during an in-class soccer drill, after petitioner had a discussion with the student concerning his ethnicity and heritage, petitioner yelled, "hey, Hispanic kid, run like you're running to the border." The Hearing Officer discounted the "border" portion of the comment, noting uncertainty as to whether petitioner was inappropriately referring to an international border or referring to the border of the soccer field. Crediting the testimony of the male student and two other students who testified similarly, the Hearing Officer found that calling the student "Hispanic kid" was sufficient to establish petitioner's guilt of conduct unbecoming a teacher.

We reject petitioner's assertion that this statement (if made, because he denies making it) was constitutionally protected speech, for which he cannot be punished. The free speech rights of school employees are not violated when a school district imposes discipline on such employees for directing ethnic slurs or disparaging comments towards students in class (*see Garcetti v Ceballos*, 547 US 410, 418-420 [2006]; *Pickering v Board of Ed. of Township High School Dist. 205, Will Cty.*, 391 US 563, 572-573 [1968]; *see also Matter of Shane EE.*, 48 AD3d 946, 946-947 [2008]; *compare Matter of New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO [State of New York]*, 255 AD2d 54, 57-58 [1999], *affd* 94 NY2d 321 [1999]). The ethnic comment here was deemed offensive or embarrassing by several students, and was the proper subject of discipline against petitioner.

Petitioner's disciplinary record includes several prior situations where he was warned or disciplined for making inappropriate comments to students. Considering that record, along with the public policy of protecting students from offensive and harmful conduct by adults, especially school employees (*see Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d at 1076), termination of petitioner's employment was not shocking or disproportionate to the offenses (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d at 569).

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.