■ In the Matter of COURTNEY A. MAHER, Appellant, v JOHN B. KING, as Commissioner of Education, Respondent. [978 NYS2d 375]—

McCarthy, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered June 1, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination revoking petitioner's teaching certificate.

Petitioner was employed as a high school teacher and held a state teaching certificate. A few months after she began teaching in the Hamilton Central School District, students complained to the administration about petitioner exhibiting favoritism towards certain male students and sending text messages to one male student. While these claims were deemed unfounded, the principal did advise petitioner regarding her behavior and to avoid even appearances of impropriety. The following year, similar complaints led to an investigation and resulted in the superintendent placing petitioner on administrative leave. Petitioner was allowed to return from leave with an agreement to follow a teacher improvement plan that required, among other things, that she not meet alone with students. The plan also suggested that she avoid exchanging communications of a personal nature or engaging in activities beyond the boundaries of an appropriate student/teacher relationship. Because she did not reform her behavior, the district initiated dismissal proceedings and petitioner resigned in January 2008.

The district learned that petitioner continued to have contact with students, prompting the administration to notify the Education Department, which initiated an investigation into petitioner's moral character (*see* 8 NYCRR 83.1 [a]). Respondent issued a notice of substantial question of moral character.

Petitioner requested a hearing, following which the panel found that petitioner lacked good moral character because she had engaged in inappropriate contact with a student and disregarded a directive from the superintendent.* The majority of the panel recommended that petitioner's teaching certificate be revoked. Respondent agreed with the panel regarding the lack of good moral character and revoked her certificate (*see* Education Law § 305 [7]). Supreme Court dismissed petitioner's CPLR article 78 petition seeking annulment of respondent's determination. Petitioner appeals.

Respondent's finding that petitioner lacked good moral character was not arbitrary or capricious. Testimony from the principal, superintendent and petitioner established that within days of petitioner returning to school under the teacher improvement plan, she removed a student from the detention room and took him to her classroom, where they remained alone for approximately 10 minutes while she instructed him. Petitioner testified that she was asked by the detention monitor to assist the student with his work, she went to the principal's office to ask his opinion, but he was absent so she got permission to instruct the student from an administrative intern who she believed was acting as principal for the day. Petitioner testified that she tried to take the student to the library so she would be in a public place with him, but the library was closed, so she took him to her classroom. According to her testimony, once in the classroom, she put the student on the far side and she remained in the doorway with one foot in the classroom and one foot in the hallway.

The superintendent testified that the acting principal was not aware of petitioner's situation when she asked for permission, and the acting principal had only given permission for petitioner to help the student, not for her to take the student to her room where they would be alone. Petitioner could have instructed the student in a hallway or the counselor's office, where there would have been other adults present. The superintendent also stated that she was available and her office was just a few steps away from the principal's office, yet petitioner did not attempt to discuss the situation with her prior to meeting with the student alone. The panel and respondent did not find petitioner's version of this situation credible, and we find no reason to disturb their resolution of the conflicting testimony (*see Matter of Mudge v Huxley*, 79 AD3d 1395, 1396-1397 [2010]; *Matter of Moro v Mills*, 70 AD3d 1269, 1270 [2010]). Thus, the evidence

---

* The panel found a lack of evidence to support a third charge relating to inappropriate contact with a different student.

supports the finding that petitioner disobeyed a directive of the superintendent and a requirement of the teacher improvement plan by being alone with a student when it was not necessary (*see Matter of Forte v Mills*, 250 AD2d 882, 883 [1998]).

Petitioner's phone records and explanatory testimony from an Education Department investigator established that petitioner exchanged over 1,800 text messages with a particular male student between September 2007 and May 2008, with 268 of them sent between the hours of 10:00 p.m. and 7:00 a.m. More messages were exchanged in June and July 2008, after the student's mother wanted such communication to stop. Petitioner and the student also exchanged phone calls. Although the content of the messages and calls is unknown, and petitioner testified that none of it was inappropriate, the sheer volume of messages between a student and teacher raised red flags. The number of messages was considered in conjunction with the times that messages were sent, that some were sent during school hours, four messages were sent on the day that petitioner entered into the teacher improvement plan, and she used the *67 feature several times to hide her phone number after the mother indicated that she wanted the communication to stop (*compare Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d 1074, 1075 [2006], *appeal dismissed* 8 NY3d 840 [2007]). Based on all of these circumstances, respondent's findings that petitioner had inappropriate contact with a student and that she lacked good moral character to remain a teacher were not arbitrary or capricious (*see Matter of Mudge v Huxley*, 79 AD3d at 1396-1397; *see also City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919-920 [2011]).

Shortly after resigning, petitioner attended a pizza party—attended by several students, the host's parents and a few other adults—at a student's home, and afterward went to a sporting event with the partygoers. Petitioner's testimony characterized this event as her having dinner with the student's parents, that some students happened to stop by to say goodbye to her, and that she then went to a sporting event (not mentioning that she went with the people who had been at the party, including numerous former students). Her version was clarified and partially contradicted by testimony from the host student's father.

In her testimony, petitioner acknowledged that her contact with students was not proper because it blurred the boundaries of the teacher/student relationship, but she used her testimony as an opportunity to justify her behavior or blame the students. Petitioner continued exchanging messages after being warned,

disciplined and resigning her position for her nonprofessional contact with students, indicating that she did not truly understand or appreciate the improper nature of her extensive personal contact with students (*see Matter of Binghamton City School Dist. [Peacock]*, 33 AD3d at 1077; *Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d 823, 825 [2005]; *Matter of Forte v Mills*, 250 AD2d at 884). Accordingly, respondent did not abuse his discretion in imposing the penalty of revocation, as that penalty was not shocking or disproportionate to petitioner's conduct (*see Matter of Watt [East Greenbush Cent. School Dist.]*, 85 AD3d 1357, 1359 [2011]).

Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.