People v Griswold (2020 NY Slip Op 04699)





People v Griswold


2020 NY Slip Op 04699


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


539 KA 19-01050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYAN E. GRISWOLD, DEFENDANT-APPELLANT. 






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered November 29, 2018. The judgment convicted defendant upon a plea of guilty of unlawful surveillance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection to expire on November 29, 2026, and as modified the judgment is affirmed and Steuben County Court is directed to redact all copies of defendant's presentence report in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of unlawful surveillance in the second degree (Penal Law § 250.45 [1]), defendant contends that County Court imposed several unlawful conditions of probation. We disagree. Notwithstanding that the conviction is not of a sex offense, the court did not err in requiring defendant to undergo sex offender treatment as a condition of probation (see People v Wahl, 302 AD2d 976, 976 [4th Dept 2003], lv denied 99 NY2d 659 [2003]; People v Brown, 34 Misc 3d 143[A], 2012 NY Slip Op 50096[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists, 2012]; see generally People v Castaneda, 173 AD3d 1791, 1792-1793 [4th Dept 2019], lv denied 34 NY3d 929 [2019], 34 NY3d 1126 [2020]).
We reject defendant's contention that the court denied him due process in relying on unsubstantiated information in the presentence report (PSR) in imposing the conditions of probation. The court explicitly stated on the record that it was not relying on the disputed characterizations in the PSR in imposing sentence. We agree with defendant, however, that the court should have granted his motion to strike any references in the PSR to defendant being a sexual predator or having sexual predatory thoughts and engaging in sexual predatory behaviors. " Sexual predator' " is a statutory term applicable to persons who are convicted of certain specific crimes and have specific diagnosed mental conditions (Correction Law § 168-a [7] [a]), and defendant was not so convicted or diagnosed. We therefore direct the court to redact the PSR accordingly. We reject defendant's contention with respect to the probation officer's statement in the PSR that defendant was "grooming" the victim inasmuch as that is a commonly understood term (see e.g. Matter of Mudge v Huxley, 79 AD3d 1395, 1396-1397 [3d Dept 2010]).
Defendant's contention concerning the duration of the order of protection is not preserved for our review (see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Collins, 117 AD3d 1535, 1535 [4th Dept 2014], lv denied 24 NY3d 1082 [2014], reconsideration denied 24 NY3d 1218 [2015]). Nevertheless, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), and we conclude that, because no determinate or indeterminate term of incarceration was imposed, the order of protection must be amended by limiting its duration to "eight years from the date of . . . sentencing" (CPL 530.13 [former (4) (A) (i)]). We therefore modify the judgment by amending the order of protection to expire on November 29, 2026.
Finally, the bargained-for sentence is not unduly harsh or severe.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court