People v Wallace (2023 NY Slip Op 01616)

People v Wallace

2023 NY Slip Op 01616

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

204 KA 19-00817

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL WALLACE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 6, 2019. The judgment convicted defendant upon his plea of guilty of manslaughter in the second degree and criminal sale of a controlled substance in the third degree (six counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]) and six counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). We agree with defendant that the waiver of the right to appeal is invalid. A waiver of the right to appeal is not effective where, as here, it is not mentioned until sentencing, after defendant pleaded guilty (see People v Weir, 174 AD3d 1465, 1466 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]; People v Brown, 148 AD3d 1562, 1562-1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Mason, 144 AD3d 1589, 1589 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]).
Defendant further contends that Supreme Court erred in failing to redact from the preplea investigation report statements that defendant made during the preplea investigation interview, because those statements were made without the presence of counsel. Contrary to the People's contention, defendant preserved the issue for our review by moving to redact the statements from the preplea investigation report (cf. People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]; People v Tyo, 140 AD3d 1697, 1698 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]; see generally People v Griswold, 186 AD3d 1104, 1104 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]). The court stated that it was reserving decision, but there is no indication in the record that the court ever issued a decision. It is well settled that a court's failure to rule on a motion cannot be deemed a denial thereof (see People v Desius, 178 AD3d 1422, 1422-1423 [4th Dept 2019], lv denied 36 NY3d 1096 [2021]; People v Mack, 122 AD3d 1444, 1445 [4th Dept 2014]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to determine defendant's motion.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court