People v Fulcott (2025 NY Slip Op 01467)

People v Fulcott

2025 NY Slip Op 01467

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

92 KA 16-01444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVE FULCOTT, ALSO KNOWN AS TOMMY G, DEFENDANT-APPELLANT. 

STEVEN A. FELDMAN, MANHASSET, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 10, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of marihuana in the first degree (former Penal Law § 221.30). Inasmuch as defendant has completed serving the sentence imposed, his contention that, in imposing the sentence, County Court considered improper factors that resulted in a sentence that was unduly harsh and severe has been rendered moot (see generally People v Ismael, 210 AD3d 1528, 1529-1530 [4th Dept 2022]; People v Dennis, 179 AD3d 1451, 1451 [4th Dept 2020]; People v Anderson, 66 AD3d 1431, 1431 [4th Dept 2009], lv denied 13 NY3d 905 [2009]), and we conclude that the exception to the mootness doctrine does not apply (see generally People v Parente, 4 AD3d 793, 794 [4th Dept 2004]).
Defendant further contends that the court failed to rule on his motion to strike from the presentence report any references to the conduct underlying charges of which he was acquitted. There is no indication in the record that the court ruled on defendant's motion, and the failure to rule on the motion cannot be deemed a denial thereof (see People v Wallace, 214 AD3d 1448, 1449 [4th Dept 2023]; see generally People v Desius, 178 AD3d 1422, 1422-1423 [4th Dept 2019]). We therefore hold the case, reserve decision, and remit the matter to County Court to determine defendant's motion.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court