■ In the Matter of ALLIED GROCERS COOPERATIVE, INC., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia,* refused to relicense petitioner as a cigarette stamping agent and wholesale cigarette dealer.

Petitioner is a Connecticut corporation licensed to do business in New York. It engages in the wholesale sale and distribution of grocery items including cigarettes, for which it is licensed by New York as a wholesale dealer and stamping agent. For its role in a pricing scheme whereby the sales price of its cigarettes fell below the statutory minimum price, petitioner pleaded guilty to five charges of violating Tax Law § 484 (a) (1), class B misdemeanors. For these crimes, the State Department of Taxation and Finance (hereinafter the Depart-

ment) proposed to suspend petitioner's license for 30 days pursuant to Tax Law § 484 (a) (former [4]). Petitioner requested a conciliation conference, after which the proposed penalty was sustained. Petitioner then sought further review.

Meanwhile, pursuant to legislative amendments (L 1987, ch 860), relicensing of New York cigarette wholesalers commenced. Petitioner's application for relicensing was rejected under Tax Law § 480 (2) (b) because of petitioner's prior convictions upon its guilty pleas to violating Tax Law § 484 (a) (1). Petitioner sought review of this determination on the grounds that it violated, *inter alia,* the Ex Post Facto and Due Process Clauses of the US Constitution. Following a hearing on the proposed 30-day suspension and relicensing refusal, an Administrative Law Judge upheld the determinations. On administrative appeal, respondent Tax Appeals Tribunal affirmed. This CPLR article 78 proceeding to challenge the determination ensued.

We reject petitioner's contention that the refusal to relicense it was an impermissible retroactive application of the legislative amendments authorizing relicensing of cigarette wholesalers and stamping agents. Retroactive statutes are those which impair vested rights or alter past transactions or considerations *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [a]). Petitioner's license to act as a wholesaler and stamping agent created no vested right, but is merely a privilege extended by the State subject to alteration by the imposition of reasonable restrictions *(see, Matter of Lap v Axelrod,* 95 AD2d 457, 459, *lv denied* 61 NY2d 603). The legislative determination to condition relicensing on the absence of a criminal conviction for violating the cigarette tax laws within five years (Tax Law § 480 [2] [b]) is certainly reasonable. This limitation was enacted to apply to the then-future relicensing notwithstanding that prior events might have affected the determination of whether to relicense. "A statute is not retroactive * * * when made to apply to future transactions, merely because such transactions relate to and are founded upon antecedent events" (McKinney's Cons Laws of NY, Book 1, Statutes § 51, at 87; *see, Forti v New York State Ethics Commn.,* 75 NY2d 596, 609-610). For this reason, we also reject petitioner's claim that the statutory amendments, as applied to it to justify the refusal to relicense, constitute an unconstitutional ex post facto law *(see, Forti v New York State Ethics Commn., supra,* at 610, n 4).

We also reject petitioner's contention that the refusal to relicense violated its due process rights. Since petitioner had

no vested right in its license and the statutory amendments were intended for legitimate public purposes such as increased competition in the industry and enhanced cigarette tax receipts (Governor's mem, 1987 McKinney's Session Laws of NY, at 2743), we conclude that petitioner's due process rights have not been violated *(see, e.g., Forti v New York State Ethics Commn., supra,* at 614-615; *Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313, 322). Accordingly, the refusal to relicense petitioner as a cigarette wholesale dealer and stamping agent was within the Department's powers. Although this conclusion makes it unnecessary to address the propriety of the 30-day suspension, we would find no reason to disturb this determination. We reject the other contentions raised by petitioner.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.