In the Matter of Louis G. Scism, Petitioner, v Barbara J. Fiala, as Commissioner of Motor Vehicles, Respondent. [997 NYS2d 798]—

Clark, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which denied petitioner's application for a driver's license.

Petitioner, who accumulated 29 driving-related convictions before having his driver's license revoked in 2009, filed an application for relicensing in May 2012. The Driver Improvement Bureau of the Department of Motor Vehicles denied petitioner's application citing 15 NYCRR former 136.5 (a) (3) and (b) (2). Such denial was thereafter affirmed by the Administrative Appeals Board. Petitioner then commenced this CPLR article 78 proceeding against respondent seeking vacatur of the denial of his application for relicensing and an order granting him a driver's license. The proceeding was then improperly transferred to this Court by Supreme Court pursuant to CPLR 7804 (g).*

The pertinent facts here are undisputed. Petitioner submitted his application for relicensing in May 2012. Along with applications from other persons who had committed multiple drug- and alcohol-related driving violations, respondent held petitioner's application in abeyance during a period of emergency

---

* "Although transfer was improper because the appropriate standard of review is not whether the determination is supported by substantial evidence, we will nevertheless retain the proceeding and resolve the issues in the interest of judicial economy" (Matter of Mudge v Huxley, 79 AD3d 1395, 1396 [2010]; see Matter of Stedronsky v Sobol, 175 AD2d 373, 374 n [1991], lv denied 78 NY2d 864 [1991]). Thus, our review is limited to whether respondent's determination was arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion (see CPLR 7803 [3]; Matter of Mudge v Huxley, 79 AD3d at 1396; Matter of Stedronsky v Sobol, 175 AD2d at 374 n).

rulemaking—beginning in February 2012, three months prior to petitioner's application, and lasting through September 2012—at which point new regulations were issued that governed petitioner's eligibility for relicensure (*see* NY Reg, Mar. 13, 2013 at 46). In November 2012, respondent denied petitioner's application based both upon portions of the emergency regulations promulgated to address the relicensing of recidivist drivers and 15 NYCRR former 136.5 (a) (3) and (b) (2).

Petitioner contends that the refusal to reissue his driver's license was an impermissible retroactive application of 15 NYCRR 136.5 (b) (2) due to the fact that his application was held in abeyance until the conclusion of the emergency rulemaking. We disagree. "Retroactive statutes are those which impair vested rights or alter past transactions or considerations" (*Matter of Allied Grocers Coop. v Tax Appeals Trib.*, 162 AD2d 791, 792 [1990] [citation omitted]). Here, however, petitioner's driver's license is not generally viewed as a vested right, but merely a personal privilege subject to reasonable restrictions and revocation by respondent under her discretionary powers (*see* Vehicle and Traffic Law §§ 510 [2] [c]; 1192 [2]; *Matter of Lap v Axelrod*, 95 AD2d 457, 459 [1983], *lv denied* 61 NY2d 603 [1984]). Thus, respondent remained free to apply her most recent regulations when exercising her discretion in deciding whether to grant or deny petitioner's application for relicensing. This is especially so in light of the rational, seven-month moratorium placed on all similarly-situated applicants for relicensing—i.e., persons with three or more alcohol-related driving convictions (*see* NY Reg, Mar. 13, 2013 at 46; *Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]; *compare Matter of Pokoik v Silsdorf*, 40 NY2d 769, 771-773 [1976]). Furthermore, inasmuch as the revised regulations operated only to nominally change the effect of petitioner's past acts on his future eligibility to obtain a driver's license and was not imposed as punishment but, rather, to promote public safety, respondent's application of 15 NYCRR 136.5 (b) (2) was proper under these circumstances (*see Matter of St. Clair Nation v City of New York*, 14 NY3d 452, 456-458 [2010]; *Matter of Miller v DeBuono*, 90 NY2d 783, 790-791 [1997]; *see also* State Administrative Procedure Act § 202 [6]).

Nor do we find respondent's decision to deny petitioner's application for relicensing to be arbitrary and capricious under either the former or the revised regulations. As is relevant here, 15 NYCRR former 136.5 (b) (2) required that an application for reinstatement of a previously revoked license by an individual who has had "three or four alcohol- or drug-related driving

convictions or incidents [and] one or more serious driving offenses," all occurring during "the 25 years preceding the date of the revocable offense," be denied such a license. As is also relevant, 15 NYCRR former 136.5 (a) (2) (iv) defined one such "[s]erious driving offense" as "20 or more points from any violations."

Petitioner was convicted three separate times for driving while ability impaired in 2003, 2006 and 2009 (*see* Vehicle and Traffic Law § 1192 [1]), all of which constitute alcohol- or drug-related incidents or convictions for the purposes of 15 NYCRR former 136.5 (b) (2) (*see* 15 NYCRR former 136.5 [a] [1]). Additionally, during the 25-year period preceding the date of petitioner's most recent revocable offense, which was July 14, 2009, petitioner accumulated a total of 26 points from violations, amounting to a "serious driving offense" (15 NYCRR former 136.5 [a] [2] [iv]). Thus, the former regulations required respondent to deny petitioner's application for relicensing. Likewise, the revised regulations also require denial where the applicant "has three or four alcohol- or drug-related driving convictions or incidents in any combination within the 25 year look back period and, in addition, has one or more serious driving offenses within the 25 year look back period" (15 NYCRR 136.5 [b] [2]). Accordingly, respondent's determination was not arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion. Petitioner's remaining contentions have been considered and found to be without merit.

Peters, P.J., Stein, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.