# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1442**

**CA 14-01050**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

IN THE MATTER OF RALPH DAHLGREN,
PETITIONER-APPELLANT,

V

MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES
AND BARBARA FIALA, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF MOTOR VEHICLES,
RESPONDENTS-RESPONDENTS.

ANTHONY J. LANA, BUFFALO, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered August 22, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioner appeals from a judgment that dismissed his petition seeking to annul a determination of the Commissioner of Motor Vehicles (Commissioner). The Commissioner granted petitioner's application for relicensing and imposed an A2 restriction on petitioner's license for a period of five years, thereby requiring petitioner to install an ignition interlock device on any motor vehicle he owns or operates (*see* 15 NYCRR 136.5 [b] [3] [ii]). We agree with the Commissioner that Supreme Court properly dismissed the petition and now affirm.

The decision to relicense a driver after a period of mandatory revocation is within the sound discretion of the Commissioner (*see* Vehicle and Traffic Law §§ 510 [5]-[6]; 1193 [2] [c] [1]; 1194 [2] [d] [1]; 15 NYCRR 136.1 [a]). If the Commissioner grants an application for relicensing after a person's license has been revoked for an alcohol- or drug-related offense, and such person has had three or four alcohol- or drug-related driving convictions within the 25-year look back period (*see* 15 NYCRR 136.5 [a] [3]), the Commissioner must impose a restriction "on such person's license for a period of five years and shall require the installation of an ignition interlock device in any motor vehicle owned or operated by such person for such five-year period" (15 NYCRR 136.5 [b] [3] [ii]).

Here, petitioner had his license revoked on September 14, 2000 as a result of a conviction of driving while intoxicated (*see generally* Vehicle and Traffic Law § 1192). Within the 25 years preceding the offense, petitioner had twice been convicted of driving while ability impaired (*see generally id*.). Petitioner thus had three alcohol-related driving convictions within the 25-year look back period (*see* 15 NYCRR 136.5 [a] [3]). He applied for a new license on June 15, 2012, and the Commissioner granted the application and imposed the ignition interlock restriction on petitioner's license in accordance with 15 NYCRR 136.5 (b) (3) (ii).

We reject petitioner's contention that his license should not be subject to the ignition interlock restriction because he waited nearly 10 years to apply for a new license. The Commissioner's regulations permit the imposition of the A2 restriction upon granting an application for a new license without regard to how long the applicant has been without one. That rule is in keeping with the Commissioner's "responsibility to provide meaningful safeguards for the general public who are users of the highways . . . [and] to take disciplinary action in order to force a change in the attitude and driving habits of problem drivers" (15 NYCRR 136.1 [a]).

As to petitioner's remaining contentions, we conclude that the delay in processing petitioner's application was neither unlawful nor an abuse of discretion (*see Matter of Scism v Fiala*, 122 AD3d 1197, 1198; *see generally Hyslip v Sloan*, 124 AD2d 1060, 1061, *lv denied* 69 NY2d 611, *cert denied* 484 US 914), and that the Commissioner properly applied the "25 year look back period" (15 NYCRR 136.5 [a] [3]; *see Matter of Funes v New York State Dept. of Motor Vehs.*, 2013 NY Slip Op 31082[U], *1).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court