*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 9, 2015          519204
_____

In the Matter of THOMAS J.
   KENNY IV,
                Appellant,

     v                     MEMORANDUM AND ORDER

BARBARA J. FIALA, as
   Commissioner of Motor
   Vehicles,
                Respondent.
_____


Calendar Date: February 9, 2015

Before: Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

_____


     James Kleinbaum, Chatham, for appellant.

     Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.

_____


Clark, J.

     Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered October 25, 2013 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent denying petitioner's application for a driver's license.

     Petitioner, who has committed a total of 16 driving offenses since 2000, three of which were alcohol-related, had his driver's license revoked in 2010. In July 2012, petitioner applied for relicensing. Pending adoption of emergency regulations addressing the relicensing of recidivist drivers (see

NY Reg March 13, 2013 at 46), respondent held petitioner's application — along with the applications from other persons with multiple alcohol- and drug-related driving violations — in abeyance. In December 2012, after the emergency regulations became effective, respondent denied petitioner's application for relicensure citing the newly amended 15 NYCRR 136.5 (a) (3) and (b) (3) (i). The denial was thereafter affirmed by the Administrative Appeals Board. Petitioner then commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment, seeking an order granting him a driver's license and a declaration that certain regulations are unconstitutional as applied to him or, in the alternative, remittal to respondent for reconsideration under the regulations existing at the time of his application. Supreme Court dismissed petitioner's application without a hearing, and petitioner now appeals. We affirm.

Initially, two recent decisions from this Court effectively dispose of petitioner's primary arguments on appeal (see Matter of Scism v Fiala, 122 AD3d 1197 [2014]; Matter of Berroa v Fiala, 122 AD3d 1209 [2014]). In particular, petitioner's contention that respondent impermissibly and retroactively applied the amended regulations to his application is without merit (see Matter of Scism v Fiala, 122 AD3d at 1198 [respondent "remained free to apply her most recent regulations when exercising her discretion in deciding whether to grant or deny petitioner's application"]; Matter of Berroa v Fiala, 122 AD3d at 1210). Impermissible retroactive application of a statute generally occurs when a vested right is impaired or a past transaction is altered by such application (see Matter of Allied Grocers Coop. v Tax Appeals Trib., 162 AD2d 791, 792 [1990]). As this Court has emphasized, however, "[a] driver's license is not generally viewed as a vested right, but merely a personal privilege subject to reasonable restrictions" (Matter of Scism v Fiala, 122 AD3d at 1198; see Vehicle and Traffic Law §§ 510 [2] [c]; 1192 [2]; Matter of Lap v Axelrod, 95 AD2d 457, 459 [1983], lv denied 61 NY2d 603 [1984]). Therefore, respondent was within her authority to apply the amended emergency regulations to petitioner's application.

Additionally, although an extensive delay in petitioner's application made in bad faith may be annulled as arbitrary (see

Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr., 64 NY2d 921, 922 [1985]; Matter of Pokoik v Silsdorf, 40 NY2d 769, 773 [1976]), there is no indication of such bad faith here. Importantly, respondent's delayed action applied to all similarly-situated applicants over the seven-month moratorium (see Matter of Scism v Fiala, 122 AD3d at 1198). Not only was this action within respondent's broad discretion with regard to relicensure (see Vehicle and Traffic Law §§ 510 [5]; 1192 [2]; 15 NYCRR 136.1 [a]; see also Matter of Dahlgren v New York State Dept. of Motor Vehs., 124 AD3d 1400, 1401 [2015]), but it was also taken in the furtherance of public safety (see NY Reg, March 13, 2013 at 46; Matter of Scism v Fiala, 122 AD3d at 1198). Accordingly, respondent's decision to delay consideration of petitioner's application does not indicate a bad faith motive requiring reversal, and we therefore affirm the judgment of Supreme Court.

Finally, to the extent that the arguments submitted before Supreme Court were purely legal, that court properly dismissed the petition without a hearing (see Matter of Akshar v Mills, 249 AD2d 786, 787-788 [1998], lv dismissed 92 NY2d 962 [1998]). Petitioner's remaining contentions have been considered and found to be without merit.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court