■ In the Matter of DENNIS J. MCKEVITT, Respondent, v BARBARA J. FIALA et al., Appellants. [10 NYS3d 554]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated February 26, 2013, which affirmed the denial of the petitioner's application for a driver license, the appeal is from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated October 16, 2013, which, inter alia, granted the petition, annulled the determination, and directed the Commissioner of the New York State Department of Motor Vehicles to issue the petitioner a valid driver license.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

The petitioner accumulated 24 points on his driving record and was convicted of four alcohol-related driving offenses before his driver license was revoked in 2007. In February 2012, the petitioner filed an application for a new driver license with the New York State Department of Motor Vehicles (hereinafter the DMV). Pending the adoption of emergency regulations addressing the relicensing of recidivist drivers, the DMV held the petitioner's application, along with the applications from other persons with multiple alcohol-related driving violations, in abeyance. In October 2012, after the emergency regulations became effective, the DMV's Driver Improvement Bureau denied the petitioner's application, citing the newly amended regulation, 15 NYCRR 136.5 (b) (2). After the denial was affirmed by the DMV Appeals Board, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court, inter alia, granted the petition, annulled the determination, and directed the Commissioner of the DMV to issue the petitioner a driver license.

Contrary to the petitioner's contentions, the delay in process-

ing his application for a driver licence was not unlawful, and the denial of the application did not constitute an impermissible retroactive application of the amended regulations (*see Matter of Kenny v Fiala*, 127 AD3d 1359, 1360 [3d Dept 2015]; *Matter of Dahlgren v New York State Dept. of Motor Veh.*, 124 AD3d 1400, 1402 [2015]; *Matter of Scism v Fiala*, 122 AD3d 1197, 1198 [2014]; *see generally Matter of St. Clair Nation v City of New York*, 14 NY3d 452, 457-458 [2010]). Also contrary to the petitioner's contention, because the regulations were enacted for nonpunitive purposes, and were not so punitive in effect as to negate that nonpunitive intent, the denial of the petitioner's application pursuant to the amended regulations did not constitute a violation of the Ex Post Facto Clause of the United States Constitution (*see* US Const, art I, § 10, cl 1; *Smith v Doe*, 538 US 84, 92 [2003]; *Matter of Scism v Fiala*, 122 AD3d at 1198; *People v Foster*, 87 AD3d 299, 306 [2011]).

Accordingly, the Supreme Court should not have granted the petition on the ground that it was unlawful for the DMV to apply the amended regulations to the petitioner's application. Under the amended regulations, the DMV still maintains discretion to depart from the general policy when "unusual, extenuating and compelling circumstances" are presented for review (15 NYCRR 136.5 [d]). In light of its determination, the Supreme Court did not determine whether it was arbitrary and capricious for the DMV to conclude that the petitioner in this case failed to present such circumstances. Accordingly, we remit the matter to the Supreme Court, Orange County, for such a determination. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.