# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**811**

**CA 14-01656**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MARTIN T. KLINK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BARBARA J. FIALA, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF MOTOR VEHICLES,
RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR RESPONDENT-APPELLANT.

CHARLES D. STEINMAN, ESQ., PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 26, 2013 in a CPLR article 78 proceeding. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Following the revocation of his driver's license based on his conviction of aggravated driving while intoxicated, petitioner applied to the Department of Motor Vehicles for a new license in May 2012. By that time, however, respondent was holding in abeyance the relicensing applications of all applicants, including petitioner, with three or more alcohol- or drug-related driving convictions during a period of emergency rulemaking pending finalization of new recidivism regulations. In December 2012, respondent denied petitioner's application under the new regulations (*see* 15 NYCRR 136.5 [a] [3]; [b] [3]). That determination was affirmed on petitioner's administrative appeal, and petitioner commenced this CPLR article 78 proceeding contending, inter alia, that respondent's decision to hold his application and apply the new regulations retroactively was contrary to law and arbitrary and capricious. Supreme Court annulled the determination and directed respondent to render a decision on petitioner's application for a driver's license based upon regulations that were in effect in May 2012. As petitioner correctly concedes on this appeal by respondent, the court erred in granting the petition.

"Impermissible retroactive application of a statute generally

occurs when a vested right is impaired or a past transaction is altered by such application" (*Matter of Kenny v Fiala*, 127 AD3d 1359, 1359; *see Matter of Scism v Fiala*, 122 AD3d 1197, 1198). "[H]owever, '[a] driver's license is not generally viewed as a vested right, but [it is] merely a personal privilege subject to reasonable restrictions' " (*Kenny*, 127 AD3d at 1360, quoting *Scism*, 122 AD3d at 1198). Here, "respondent remained free to apply her most recent regulations when exercising her discretion in deciding whether to grant or deny petitioner's application for relicensing. This is especially so in light of the rational, seven-month moratorium placed on all similarly-situated applicants for relicensing—i.e., persons with three or more alcohol-related driving convictions" (*Scism*, 122 AD3d at 1198). We thus conclude that "the delay in processing petitioner's application was neither unlawful nor an abuse of discretion . . . , and that [respondent] properly applied the '25 year look back period' " pursuant to the new regulations (*Matter of Dahlgren v New York State Dept. of Motor Veh.*, 124 AD3d 1400, 1402; *see* 15 NYCRR 136.5 [a] [3]).

Entered: June 19, 2015

Frances E. Cafarell
Clerk of the Court