# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1121.1**
**CA 14-02175**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF PATRICK J. UNDERWOOD,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BARBARA J. FIALA, NEW YORK STATE COMMISSIONER
OF MOTOR VEHICLES, RESPONDENT-APPELLANT,
AND ERIC T. SCHNEIDERMAN, NEW YORK STATE ATTORNEY
GENERAL, RESPONDENT.
(APPEAL NO. 2.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR RESPONDENT-APPELLANT.

WILLIAM G. PIXLEY, PITTSFORD, FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an amended judgment (denominated amended order and
judgment) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.),
entered June 3, 2014 in a proceeding pursuant to CPLR article 78.  The
amended judgment, insofar as appealed from, annulled a determination
denying petitioner's application for relicensing and directed
respondent Barbara J. Fiala, New York State Commissioner of Motor
Vehicles, to restore to petitioner full driving privileges without
restrictions.

It is hereby ORDERED that the amended judgment insofar as
appealed from is unanimously reversed on the law without costs and the
petition is dismissed in its entirety.

Memorandum:  In this CPLR article 78 proceeding, respondent
Barbara J. Fiala, New York State Commissioner of Motor Vehicles
(Commissioner), appeals from an amended judgment that, insofar as
appealed from, annulled a determination denying petitioner's
application for relicensing and directed the Commissioner to restore
to petitioner full driving privileges without restrictions.  We agree
with the Commissioner that Supreme Court erred in granting the
petition.

Petitioner's license to drive a motor vehicle was revoked in
January 2012 as a result of a conviction of driving while ability
impaired (*see* Vehicle and Traffic Law § 1193).  In June 2012,
petitioner applied for a new license.  Pending the adoption of
emergency regulations, the Commissioner held petitioner's application
in abeyance, along with the applications of other persons with three

or more alcohol- or drug-related driving offenses (*see Matter of Kenny v Fiala*, 127 AD3d 1359, 1359). In January 2013, after the emergency regulations became effective, petitioner's application was denied on the ground that petitioner had "five or more alcohol- or drug-related driving convictions or incidents" (15 NYCRR 136.5 [b] [1]). Following an administrative appeal, petitioner commenced this proceeding, contending in pertinent part that the Commissioner unlawfully applied the emergency regulations retroactively to his relicensing application. The court agreed with that contention, granted the petition, and directed the Commissioner to restore to petitioner full driving privileges without restrictions.

Contrary to the court's determination, there is no merit to petitioner's contention that the Commissioner erred in retroactively applying the amended regulations to his application (*see Matter of Acevedo v New York State Dept. of Motor Veh.*, 132 AD3d 112, ___ [Aug. 6, 2015]; *Kenny*, 127 AD3d at 1359). "[P]etitioner's driver's license is not generally viewed as a vested right, but merely a personal privilege subject to reasonable restrictions and revocation by [the Commissioner] under her discretionary powers . . . Thus, [the Commissioner] remained free to apply her most recent regulations when exercising her discretion in deciding whether to grant or deny petitioner's application for relicensing. This is especially so in light of the rational, seven-month moratorium placed on all similarly-situated applicants for relicensing— i.e., persons with three or more alcohol-related driving convictions" (*Matter of Scism v Fiala*, 122 AD3d 1197, 1198; *see Matter of Klink v Fiala*, 129 AD3d 1685, 1686).

Finally, petitioner failed to exhaust his administrative remedies with respect to his remaining contention, and we therefore do not have the power to review it (*see generally Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered: November 20, 2015                    Frances E. Cafarell
Clerk of the Court