*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    520779
_____

In the Matter of CARALYN A.
   MATSEN,
                     Appellant,

     v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
   MOTOR VEHICLES et al.,
                     Respondents.
_____


Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                    _____


        Gerstenzang, O'Hern, Sills & Gerstenzang, Albany (Eric H.
Sills of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order and judgment of the Supreme Court
(Ceresia Jr., J.), entered June 20, 2014 in Albany County, which,
in a combined proceeding pursuant to CPLR article 78 and action
for declaratory judgment, among other things, granted
respondents' motion for summary judgment dismissing the
petition/complaint.

        Petitioner was convicted in 2010 of driving while
intoxicated, her third alcohol-related driving offense within a
10-year period.  As a result of her conviction, her driver's
license was revoked for a minimum period of one year (see Vehicle
and Traffic Law § 1193 [2] [b] [3]).  When petitioner applied for

a new license in June 2012, respondent Department of Motor Vehicles (hereinafter DMV) held the application in abeyance until later that year when emergency regulations were adopted concerning the review of applications for relicensing by persons with multiple alcohol- or drug-related driving offenses (see 15 NYCRR part 136). Once the new regulations were in place, DMV relied upon them to deny petitioner's application because she was a person with "three or four alcohol- or drug-related driving convictions or incidents in any combination . . . and . . . one or more serious driving offenses within the 25[-]year look[-]back period" (15 NYCRR 136.5 [b] [2]).[1] Specifically, during the look-back period, petitioner committed the "serious driving offense" of having been twice convicted of speeding violations "for which five or more points [were] assessed on [her] driving record" (15 NYCRR 136.5 [a] [2] [iii]).

After her application was denied, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment against DMV and respondent Commissioner of Motor Vehicles seeking, among other things, an order granting her a new driver's license and declaring that the emergency regulations are invalid. Respondents joined issue and moved for summary judgment dismissing petitioner's petition/complaint, and Supreme Court granted the motion. Petitioner appeals.

Although petitioner argues that a number of the provisions of 15 NYCRR part 136 either impermissibly conflict with preexisting statutes and case law or are arbitrary and capricious, she fails to establish that she has suffered an injury in fact from the operation of any of the provisions she challenges other than 15 NYCRR 136.5 (a) (2) and (b) (2) (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Matter of Gym Door Repairs, Inc. v New York City Dept. of

---

[1] A "serious driving offense" is defined as: "(i) a fatal accident; (ii) a driving-related Penal Law conviction; (iii) conviction of two or more violations for which five or more points are assessed on a violator's driving record pursuant to [15 NYCRR 131.3]; or (iv) 20 or more points from any violations" (15 NYCRR 136.5 [a] [2]).

Educ., 112 AD3d 1198, 199 [2013]).  Thus, with the exception of her specific arguments seeking the invalidation of 15 NYCRR 136.5 (a) (2) and (b) (2), her challenges are nonjusticiable, inasmuch as she lacks "an interest sufficient to constitute standing to maintain th[ose claims]" (American Ins. Assn. v Chu, 64 NY2d 379, 382 [1985], appeal dismissed and cert denied 474 US 803 [1985]; accord Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Div. of State Police, 40 AD3d 1350, 1352 [2007], appeal dismissed and lv denied 9 NY3d 942 [2007]).[2]

Turning to petitioner's justiciable claims, we have previously held that other, similar provisions of 15 NYCRR 136.5 were promulgated by the Commissioner in accordance with her broad discretionary authority granted by the Legislature to approve or deny relicensing applications, that she did not exceed her delegated rule-making authority in doing so and that the challenged regulations are otherwise rational, legal and valid (see Matter of Noonan v New York State Dept. of Motor Vehs., ___ AD3d ___ [decided herewith]; Matter of Joy v New York State Dept. of Motor Vehs., ___ AD3d ___, ___, 2015 NY Slip Op 08686, *2 [2015]; Matter of Carney v New York State Dept. of Motor Vehs., ___ AD3d ___, ___, 2015 NY Slip Op 08681, *2-3 [2015]; Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d 112, 118-122 [2015]; Matter of Kenny v Fiala, 127 AD3d 1359, 1359-1360 [2015]; Matter of Berroa v Fiala, 122 AD3d 1209, 1210 [2014]; Matter of Scism v Fiala, 122 AD3d 1197, 1198-1199 [2014]).  The legal principles and analyses that undergird our prior decisions are fully applicable to petitioner's challenge to 15 NYCRR 136.5 (b) (2) and, ultimately, confirm the validity of this regulatory provision as well.  Accordingly, we need not address each of petitioner's arguments to the contrary.

---

[2]  To the extent that petitioner's challenge to the definition of "alcohol- or drug-related driving conviction or incident" (see 15 NYCRR 136.5 [a] [1]) may also present a justiciable controversy, petitioner did not raise that argument on administrative appeal and, thus, failed to preserve it for our review (see Matter of Tafari v Evans, 102 AD3d 1053, 1054 [2013], lv denied 21 NY3d 852 [2013]; Matter of Walker v New York State Div. of Parole, 203 AD2d 757, 758 [1994]).

We have not, however, addressed petitioner's contention that 15 NYCRR 136.5 (a) (2) (iii) arbitrarily designates a "conviction of two or more violations for which five or more points are assessed on a violator's driving record" to be a serious driving offense. She argues that this definition is unfair because the two speeding tickets she received within the 25-year look-back period should not lead to a presumptive lifetime driving ban. We must disagree.

In the broadest sense, 15 NYCRR part 136 was promulgated to "establish[] criteria to identify individual problem drivers," that is, applicants for new licenses that "ha[ve] had a series of convictions, incidents and/or accidents . . . which in the judgment of the [C]ommissioner . . . upon review of the applicant's entire driving history, establishes that the person would be an unusual and immediate risk upon the highways" (15 NYCRR 136.1 [a], [b] [1]). In developing these regulations, the Commissioner considered empirical data, which indicated that drivers with three or more alcohol- or drug-related driving convictions are involved in a disproportionate number of motor vehicle accidents. Accordingly, the Commissioner rationally determined that such drivers "pose the highest risk to the general population" (NY Reg, Mar. 13, 2013 at 43) and, thus, should not be granted new, unrestricted licenses until after a waiting period of several years (see 15 NYCRR 136.5 [b] [3], [4]). With that in mind, we cannot consider the Commissioner's decision to subject such recidivist impaired or intoxicated drivers to a longer — or even a presumptively permanent — ban on relicensure to be arbitrary when, like petitioner, such drivers may independently qualify as "problem drivers" because of the presence of speeding or other violations on their driving records (see 15 NYCRR 136.1 [b] [1]; 136.5 [a] [2]; [b] [2]).

As for petitioner's claim that her two six-point speeding violations during the 25-year look-back period are not serious enough to be expressly defined as a "serious driving offense" (see 15 NYCRR [a] [2] [iii]), we defer to the Commissioner's determination, as it was made pursuant to her discretionary authority (see Vehicle and Traffic Law § 510 [5], [6]), and it was within the area of expertise of the agency she heads (see Matter of Consolation Nursing Home v Commissioner of N.Y. State

Dept. of Health, 85 NY2d 326, 331 [1995]; Matter of Riverkeeper, Inc. v Johnson, 52 AD3d 1072, 1074 [2008], lv denied 11 NY3d 716 [2009]; Matter of New York State Conference of Blue Cross & Blue Shield Plans v Muhl, 253 AD2d 158, 163 [1999], lv denied 93 NY2d 807 [1999]).[3]

In the dissent's view, the scope of offenses that meet the definition of "serious driving offense" are "far too broad." The dissent's position, however, appears to be based not upon a legal conclusion, but upon a value judgment that two five-point traffic violations and a fatal accident cannot be placed under the same definitional umbrella. "[A c]ourt's role in reviewing an agency action is not to determine if the agency action was correct or to substitute its judgment for that of the agency, but rather to determine if the action taken by the agency was reasonable" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 396 [1995]; see Paramount Communications v Gibraltar Cas. Co., 90 NY2d 507, 513-514 [1997]; Matter of New York State Conference of Blue Cross & Blue Shield Plans v Muhl, 253 AD2d at 163). As we have said, the Commissioner's inclusion of a conviction of two or more violations for which five or more points are assessed on a violator's driving record in the definition of "serious driving offense" has a rational basis and is well within her discretionary authority. This rational determination cannot be rendered irrational by the fact that the definition also includes other types of offenses with more serious practical consequences. In other words, if the least serious offense is properly included, this then confirms the propriety of including all of the remaining offenses, and the

_____

[3]   We also reject petitioner's additional argument that the definition of "serious driving offense" is arbitrary because it does not expressly include convictions for aggravated unlicensed operation of a motor vehicle in the first degree and leaving the scene of an accident resulting in serious physical injury, both of which are felonies (see Vehicle and Traffic Law §§ 511 [3]; 600 [2] [c]). While neither is expressly designated as a serious driving offense, both are covered by the definition thereof, as they are "driving-related Penal Law conviction[s]" (15 NYCRR 136.5 [a] [2] [ii]).

definition of "serious driving offense" cannot be said to be overly broad.

In any event, the criteria detailed in 15 NYCRR 136.5 represent only a "general policy," and the Commissioner has retained the discretion to deviate from it when any affected person presents sufficient evidence of "unusual, extenuating and compelling circumstances" (15 NYCRR 136.5 [d]).  Here, however, it is unnecessary for us to decide whether the Commissioner properly considered the evidence that petitioner presented to that effect, as she does not argue that the Commissioner should have granted her relicensing application pursuant to this provision.

McCarthy, J.P., and Devine, J., concur.


Lynch, J. (dissenting).

I respectfully dissent, essentially for the same reasons articulated in the dissents in Matter of Acevedo v New York State Dept. of Motor Vehs. (132 AD3d 112, 122-126 [2015]) and Matter of Carney v New York State Dept. of Motor Vehs. (___ AD3d ___, ___, 2015 NY Slip Op 08681, *3-4 [2015]).[1]  Under the challenged regulation, a lifetime license revocation applies to a person with three or four alcohol-related driving convictions or incidents and one or more serious driving offenses within a 25-year look-back period (see 15 NYCRR 136.5 [a] [1] [2]; [b] [2]).

The additional focus here is on the "serious driving offense" component, which is defined as "(i) a fatal accident; (ii) a driving-related Penal Law conviction; (iii) conviction of two or more violations for which five or more points are assessed on a violator's driving record pursuant to [15 NYCRR 131.3]; or (iv) 20 or more points from any violations" (15 NYCRR 136.5 [a] [2]).  In 2010, petitioner was convicted of driving while intoxicated, her third alcohol-related driving offense within a

_____

[1]  In Matter of Acevedo and Matter of Carney, the Court did not address the regulation at issue here, 15 NYCRR 136.5 (b) (2).

10-year period.  As a result, her driver's license was revoked for one year (see Vehicle and Traffic Law § 1193 [2] [b] [3]). Pertinent to the "serious driving offense" category, she also was assessed six points for driving 72 miles per hour in a 50 mile-per-hour zone in April 2004 and received another six-point infraction in May 2004 for driving 59 miles per hour in a 35 mile-per-hour zone.

As the majority recognizes, the governing regulation, 15 NYCRR part 136, has a twofold purpose of rehabilitating a "problem driver" and, when necessary, taking appropriate disciplinary action to protect that driver "and the public alike" (15 NYCRR 136.1 [a], [b]).  Without question, respondent Commissioner of Motor Vehicles may reasonably consider a traffic infraction as a "safety factor" in gauging whether an applicant is entitled to relicensure (15 NYCRR 136.1 [b] [5]; 136.4 [a] [3]).  The issue here, however, is one of degree.  Without the two speeding tickets, petitioner's three alcohol-related convictions would be assessed under 15 NYCRR 136.5 (b) (3), effecting a five-year stay of a relicensure application (see Matter of Acevedo v New York State Dept. of Motor Vehs., 132 AD3d at 115).  With the speeding tickets, her case was elevated to the permanent revocation category defined in 15 NYCRR 136.5 (b) (2). This dramatic consequence illustrates the arbitrariness of the subject rule.  In my view, the various categories that make up a "serious driving offense" are far too broad.  While one can readily comprehend including a "fatal accident" within the definition, it is extraordinary and irrational to equate two five-point violations with a fatal accident for purposes of imposing a mandatory and permanent license revocation[2] (cf. Matter of Shearer v Fiala, 124 AD3d 1291, 1291 [2015], lv denied 25 NY3d 909 [2015]; Matter of Scism v Fiala, 122 AD3d 1197, 1199 [2014]).  As such, I would grant the petition to the extent of declaring 10 NYCRR 136.5 (b) (2) to be null and void, as beyond

_____

[2]  As petitioner points out, effective June 1, 2013, cell phone and texting violations, designated as traffic infractions, are punishable by a fine between $50 and $200 and are assigned a five-point value (see Vehicle and Traffic Law §§ 1225-c [4]; 1225-d [4]; 15 NYCRR 131.3 [b] [4] [ii]).

the Commissioner's administrative authority and as arbitrary and capricious, and remit the matter to the Commissioner for further consideration of petitioner's relicensure application.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court