Rose, J.
Appeal from an order and judgment of the Supreme Court (Ceresia Jr., J.), entered May 23, 2014 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents’ motion for summary judgment dismissing the petition/complaint.
Petitioner was twice convicted of driving while intoxicated in 2007, thereby accruing his fourth and fifth alcohol-related driving offenses since 1985. As a result, he was sentenced to four years in prison and his driver’s license was revoked for a minimum period of one year (see Vehicle and Traffic Law § 1193 [2] [b] [3]). When petitioner applied for a new license, respondent Department of Motor Vehicles (hereinafter DMV) ulti *1282 mately denied, his application pursuant to 15 NYCRR 136.5 (b) (1), part of newly adopted emergency regulations concerning the review of applications for relicensing by persons with multiple alcohol- or drug-related driving offenses (see 15 NYCRR part 136). After DMV’s decision was affirmed upon petitioner’s administrative appeal, he commenced this combined CPLR article 78 proceeding and action for declaratory judgment against DMV and respondent Commissioner of Motor Vehicles, seeking, among other things, an order granting him a new driver’s license and declaring that the emergency regulations are unconstitutional because the Commissioner promulgated them without or in excess of her authority. Respondents joined issue and moved for summary judgment dismissing petitioner’s challenge to the regulations, and Supreme Court granted the motion. Petitioner appeals.
Initially, we agree with Supreme Court that petitioner fails to claim an injury in fact flowing from any of the regulatory provisions he challenges other than 15 NYCRR 136.5 (b) (1), which respondents cite as authority for denying his relicensing application (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Matter of Gym Door Repairs, Inc. v New York City Dept. of Educ., 112 AD3d 1198, 1199 [2013]). Thus, with the exception of his specific arguments regarding 15 NYCRR 136.5 (b) (1), petitioner’s challenges to the validity of other provisions of 15 NYCRR part 136 are nonjusticiable (see American Ins. Assn. v Chu, 64 NY2d 379, 382 [1985], appeal dismissed and cert denied 474 US 803 [1985]; Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Div. of State Police, 40 AD3d 1350, 1352 [2007], appeal dismissed and lv denied 9 NY3d 942 [2007]).
Turning to petitioner’s justiciable claims, inasmuch as his arguments in favor of invalidating 15 NYCRR 136.5 (b) (1) are substantially similar to those advanced in Matter of Carney v New York State Dept. of Motor Vehs. (133 AD3d 1150 [2015]), and identical to those found in Matter of Joy v New York State Dept. of Motor Vehs. (133 AD3d 1167 [2015]), our holdings affirming Supreme Court in those prior cases are dispositive here.
McCarthy, J.P. and Devine, J., concur.