■ In the Matter of SASHA L. KAMARAD, Respondent, v BARBARA J. FIALA, Appellant. [50 NYS3d 556]—

Appeal from a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 15, 2014. The judgment, insofar as appealed from, granted that branch of a petition pursuant to CPLR article 78 which was to annul a determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to annul the determination is denied, and the proceeding is dismissed.

In 2010, the petitioner's driver license was revoked after she was convicted of driving while intoxicated. This was the petitioner's third conviction for an alcohol-related driving offense. In January 2012, the petitioner filed an application for a new driver license with the New York State Department of Motor Vehicles (hereinafter the DMV). In March 2012, she completed her application by paying the civil penalty and submitting an Alcohol & Drug Abuse Rehabilitative Program Summary.

15 NYCRR former 136.5 (b) (3) provided that, for an applicant with three or four alcohol-related convictions within

the 25 years preceding the revocable offense, and no serious driving offenses, the application shall be denied for at least five years. However, in 2013, the regulation was amended to clarify that the revocable offense was to be included in the calculations of three or four alcohol-related convictions. On April 15, 2013, the DMV's Driver Improvement Bureau (hereinafter the DIB) denied the petitioner's application. The petitioner appealed to the DMV Appeals Board, which affirmed the DIB's determination, citing the regulations as amended in 2013, which was in effect at the time the appeal was decided.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination and to compel the DMV to restore her driver license. The Supreme Court granted that branch of the petition which was to annul the DMV's determination and enjoined the Commissioner of the DMV from denying the petitioner's application pursuant to 15 NYCRR 136.5 (b) (3). The court reasoned that the DIB had initially denied the application by citing the 2012 regulations, and that version of 15 NYCRR 136.5 (b) (3) did not apply to the petitioner because the phrase "within the 25 years preceding the date of the revocable offense" excluded the revocable offense itself. The court, however, denied that branch of the petition which sought to compel restoration of the petitioner's license, citing the discretion granted the Commissioner over applications for relicensing. The Commissioner appeals.

As the Commissioner correctly contends, the Supreme Court erred in determining that the DMV had applied the 2012 regulations to the petitioner's application. The determination of the DMV Appeals Board was the final agency action under review (*see* Vehicle and Traffic Law §§ 261, 263; CPLR 7801 [1]). While a court may not uphold an administrative determination on grounds not relied on by the agency (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]), the agency, in its final determination by the DMV Appeals Board, clearly invoked the regulations as amended in 2013, which were in effect at the time of the DMV Appeals Board's determination. Further, the Commissioner did not disclaim reliance on the 2013 regulations in this proceeding.

Contrary to the petitioner's contention, the delay in processing her application was not unlawful, arbitrary and capricious, or an abuse of discretion (*see Matter of McKevitt v Fiala*, 129 AD3d 730, 730-731 [2015]; *Matter of Kenny v Fiala*, 127 AD3d 1359, 1360 [2015]; *Matter of Dahlgren v New York State Dept. of Motor Veh.*, 124 AD3d 1400, 1402 [2015]; *Matter of Scism v*

*Fiala*, 122 AD3d 1197, 1198 [2014]). Further, the Commissioner "remained free to apply her most recent regulations when exercising her discretion in deciding whether to grant or deny petitioner's application for relicensing" (*Matter of Scism v Fiala*, 122 AD3d at 1198; *see Matter of Dahlgren v New York State Dept. of Motor Veh.*, 124 AD3d at 1402). The petitioner concedes that application of the 2013 regulations would properly result in denial of her application. Accordingly, the DMV's determination was proper, and the petition should have been denied in its entirety.

In light of our determination, we need not address the issue of whether the petitioner's application would have properly been denied under the 2012 version of the regulations. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.