Matter of Margolis v York State Dept. of Motor Vehicles (2019 NY Slip Op 01765)





Matter of Margolis v York State Dept. of Motor Vehicles


2019 NY Slip Op 01765


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-00461
 (Index No. 5201/16)

[*1]In the Matter of Andrew Margolis, petitioner, New
v
York State Department of Motor Vehicles, respondent.


Alan R. Sirlin, Valley Stream, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Seth M. Rokosky of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated April 4, 2016, and a reinstated order of the New York State Department of Motor Vehicles dated April 6, 2016. The determination dated April 4, 2016, affirmed a determination of an administrative law judge, made after a hearing, finding that the petitioner had violated Vehicle and Traffic Law § 1225-c, imposing a fine in the sum of $150, and suspending the petitioner's New York State driving privileges for a period of 45 days. The reinstated order suspended the petitioner's New York State driving privileges "for at least 45 days." By order dated May 3, 2016, the Supreme Court, Queens County, stayed enforcement of the suspension pending determination of this proceeding.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that the reinstated order dated April 6, 2016, is annulled, the respondent is directed, within 30 days of service of a copy of this decision and judgment, to issue a corrected reinstated order, which provides that the suspension is "for 45 days" rather than "for at least 45 days," with such order to take effect 30 days from the date of reissuance, the petition is otherwise denied, the determination dated April 4, 2016, is confirmed, and the proceeding is otherwise dismissed on the merits.
The petitioner, a Florida resident and holder of a Florida driver license, was issued a moving violation summons on July 10, 2014, in Queens County, for using a cell phone while driving (see Vehicle and Traffic Law § 1225-c). A hearing was held before an administrative law judge (hereinafter ALJ) on November 12, 2015. The petitioner did not appear personally at the hearing, but did appear through counsel, who participated in the proceeding on the petitioner's behalf. At the hearing, the police officer who issued the summons to the petitioner testified, inter alia, that he "clearly observed" the petitioner "three separate times" talking on his cell phone while driving. The ALJ found the petitioner guilty of the violation, and imposed a $150 fine and a 45-day suspension of "the motorist's license." The petitioner appealed the ALJ's determination, and the suspension was stayed pending appeal. The New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board) issued a determination dated April 4, 2016, which stated that the Appeals Board was "affirm[ing] the conviction" and had found that the penalty imposed by the ALJ "was not an abuse of discretion." That determination also noted that [*2]any stay of a license suspension pending appeal "will be reinstated," and that a separate "reinstatement order" would be issued. The New York State Department of Motor Vehicles (hereinafter DMV) thereafter issued a reinstated order dated April 6, 2016, which stated that the petitioner's "New York State Driving Privilege is suspended effective 05/04/2016 for at least 45 days," "[p]er determination of the Appeals Board."
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated April 4, 2016, and the reinstated order. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). The suspension of the petitioner's driving privilege was stayed pending determination of this proceeding, pursuant to an order of the Supreme Court.
As a preliminary matter, contrary to the respondent's contention, the Appeals Board's determination dated April 4, 2016, designated a "notice of decision," is a final agency determination subject to judicial review under CPLR article 78 (see Vehicle and Traffic Law §§ 260, 263, 228[3], [9][b]; Matter of Kamarad v Fiala, 149 AD3d 740, 741; see also 15 NYCRR 126.4[a]). The DMV's issuance of the reinstated order dated April 6, 2016, was a ministerial duty imposed by Vehicle and Traffic Law §§ 260 and 228(3), which require the Appeals Board, after issuing a determination deciding a motorist's appeal of a traffic violation adjudication, to "cause an appropriate order to be entered in the records of the department."
Contrary to the petitioner's contentions, the DMV's determination, set forth in the Appeals Board's determination dated April 4, 2016, affirming the ALJ's finding that the petitioner violated Vehicle and Traffic Law § 1225-c, was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see also Matter of Wolfson Casing Corp. v Kirkland, 92 AD3d 684, 685). The testimony of the police officer who issued the traffic violation summons to the petitioner was sufficient to sustain the charges against him (see Matter of Duso v Kralik, 216 AD2d 297; Matter of Reape v Gunn, 154 AD2d 682, 682).
Further, the imposition of a $150 fine and 45-day suspension of the petitioner's driving privilege was an appropriate and proportionate penalty, and was not so shocking to one's
sense of fairness as to warrant annulment (see Matter of Featherstone v Franco, 95 NY2d 550, 554; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233), particularly in light of the dangers posed to the public by distracted driving (cf. Schaubman v Blum, 49 NY2d 375, 379), and in light of the petitioner's past history of violations (see Matter of Failing v Fiala, 111 AD3d 723, 724-725).
To the extent that the ALJ erred in stating on the record that he was suspending the petitioner's out-of-state "license," as opposed to the petitioner's "New York State driving privilege," the DMV acted properly in correcting this error sua sponte in its reinstated order, as the mistake was in the nature of a clerical error (see Vehicle and Traffic Law § 510[3][a]; Matter of Silverhardt v State of New York, 269 AD2d 652, 652; Matter of National Tractor Trailer School v Commissioner of N.Y. State Dept. of Motor Vehs., 191 AD2d 961, 961; Matter of Campbell v Bartlett, 49 AD2d 762, 763).
However, the DMV erred to the extent that the reinstated order provided for a suspension period of "at least 45 days," instead of "45 days." This language in the reinstated order is inconsistent with the ALJ's determination, which was affirmed by the Appeals Board's determination dated April 4, 2016, imposing a suspension of a determinate length. As such, the reinstated order as written does not constitute an "appropriate order" within the meaning of Vehicle and Traffic Law §§ 260 and 228(3).
"[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679; see Matter of Sullivan v Morgenstern, 127 AD3d 980, 980). Here, the Appeals Board appropriately exercised its discretion in rendering its determination of the petitioner's appeal, but failed to perform faithfully its ministerial [*3]duty to "cause an appropriate order to be entered in the records of the department" (Vehicle and Traffic Law §§ 260, 228[3]). The remedy of mandamus is available to the petitioner here, for the limited purpose of compelling the respondent to take appropriate ministerial action consistent with the discretionary determination it has already made (see Matter of Eidt v City of Long Beach, 62 AD3d 793, 795; Matter of Cohalan v Caputo, 94 AD2d 742, 743).
Accordingly, we direct the respondent to issue a corrected reinstated order that directs the suspension of the petitioner's New York State driving privilege for a determinate period of "45 days."
The petitioner's remaining contentions are without merit.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court